Rev. 04/23/08

<u>LOCAL BANKRUPTCY FORM 3015-1</u>

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**IN RE:**
WILLIAM F. JUSINSKI, JR.

    Debtor(s)

: **CHAPTER 13**
: **CASE NO.** 5 - 09 -bk- 01804
:
: **CHAPTER 13 PLAN**
: ___ (Indicate if applicable)
: ☐ MOTION TO AVOID LIENS
: ☐ MOTION TO VALUE COLLATERAL
:
: ☐ ORIGINAL PLAN
: 2nd AMENDED PLAN
:   (Indicate 1ST, 2ND, 3RD, etc.)

---

**YOUR RIGHTS WILL BE AFFECTED**

If you oppose any provision of this plan you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan

---

**PLAN PROVISIONS**

**DISCHARGE:** (Check one)

 ☑ The debtor will seek a discharge of debts pursuant to Section 1328(a).

 ☐ The debtor is not eligible for a discharge of debts because the debtor has previously received a discharge described in Section 1328(f).

**NOTICE OF SPECIAL PROVISIONS:** (Check if applicable)

 ☑ This plan contains special provisions that are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. Those provisions are set out in the OTHER PLAN PROVISIONS section of this plan.

1.  **PLAN FUNDING AND LENGTH OF PLAN**

  A. Payments by the debtor of $ 60.00 per month for 60 months. This monthly plan payment will begin no later than 30 days following the date of the filing of the bankruptcy petition or the date of conversion to Chapter 13.

Rev. 04/23/08

B. In addition to the above specified plan payments, the debtor agrees to dedicate to the plan the estimated amount of sale proceeds as follows: $_____ from the sale of property (describe property) _____.
All sales will be completed by _____.
Other lump sum payments shall be paid to the trustee as follows:


Other payments from any source (describe specifically) shall be paid to the trustee as follows:


C. **For amended plans**:
 (1) The plan payments by the debtor shall consist of the total amount previously paid ($_____) added to the new monthly payment in the amount of $_____ for the remaining _____ months of the plan for a total base amount, as amended, of $_____, plus other payments and property stated in Paragraph B above.

 (2) The payment amount shall change effective _____.

 (3) The debtor shall take appropriate action to ensure that all wage attachment payments are adjusted to conform to the terms of the amended plan.

D. The debtor is responsible for funding the plan.

2. **SECURED CLAIMS**

 A. <u>Adequate Protection Payments under Section 1326</u>. Adequate protection payments in the following amounts will be paid by the debtor to the trustee. The trustee will disburse pre-confirmation adequate protection payments for which a proof of claim has been filed as soon as practicable after receipt of said payments from the debtor.

| Name of Creditor | Address | Account # | Payment |
|---|---|---|---|
| | | | $ |
| | | | $ |

 B. <u>Mortgages and Other Direct Payments by Debtor</u>. Payments will be made outside the plan according to the original contract terms, with no modification of contract terms and with liens retained.

| Name of Creditor | Description of Collateral | Contractual Monthly Payment | Principal Balance of Claim | Contract Rate of Interest |
|---|---|---|---|---|
| | | $ | $ | % |
| | | $ | $ | % |
| | | $ | $ | % |
| | | $ | $ | % |

C. <u>Arrears.</u>

| Name of Creditor | Description of Collateral | Pre-petition Arrears to be Cured | Interest Rate | Total to be paid in plan |
|---|---|---|---|---|
| | | $ | % | $ |
| | | $ | % | $ |
| | | $ | % | $ |
| | | $ | % | $ |

D. <u>Secured Claims Paid According to Modified Terms.</u> These amounts will be paid in the plan according to modified terms, and liens retained until entry of discharge. The excess of the creditor's claim will be treated as an unsecured claim. Any claim listed as "NO VALUE" in the "Modified Principal Balance" column below will be treated as an unsecured claim. THE LIENS WILL BE AVOIDED OR LIMITED IN THE PLAN OR AN ADVERSARY ACTION WILL BE FILED UNDER SECTION 506(a) TO DETERMINE THE EXTENT, VALIDITY, AND PRIORITY OF THE LIEN (Select method in last column):

| Name of Creditor | Description of Collateral | Modified Principal Balance | Interest Rate | Total Payment | Plan* or Adversary Action |
|---|---|---|---|---|---|
| | | $ | % | $ | |
| | | $ | % | $ | |

| | | | | | |
|---|---|---|---|---|---|
| | | $ | % | $ | |

\* PLAN INDICATES THAT THE DEBTOR PROPOSES TO AVOID OR LIMIT THE LIEN OF THE CREDITOR IN THIS PLAN. CONFIRMATION OF THE PLAN SHALL CONSTITUTE A FINDING OF VALUATION PURSUANT TO SECTION 506(a). NO ADVERSARY COMPLAINT OR MOTION WILL BE FILED AND THE LIEN WILL BE AVOIDED. IF THE CREDITOR WISHES TO CONTEST THE AVOIDANCE OF THE LIEN, THE CREDITOR MUST FILE AN OBJECTION TO THIS PLAN. OTHERWISE CONFIRMATION OF THE PLAN WILL AVOID THE LIEN.

E. <u>Other Secured Claims</u>.

| Name of Creditor | Description of Collateral | Principal balance of Claim | Interest Rate | Total to be paid in plan |
|---|---|---|---|---|
| HSBC Retail Services | 2004 Kawasaki Mototcycle | $ 2817.00 | % | $ 0.00 |
| | | $ | % | $ |
| | | $ | % | $ |

F. <u>Surrender of Collateral</u>:

| Name of Creditor | Description of Collateral to be Surrendered |
|---|---|
| | |
| | |
| | |

G. <u>Lien Avoidance</u>. The debtor moves to avoid the liens of the following creditors pursuant to Section 522(f):

| Name of Creditor | Description of Collateral |
|---|---|
| | |
| | |
| | |

3. **PRIORITY CLAIMS**

    A. Allowed unsecured claims entitled to priority under section 507 will be paid in full with the exception of certain assigned Domestic Support Obligations that may be paid less than 100% pursuant to section 1322(a)(4):

| Name of Creditor | Total Payment |
|---|---|
|  | $ |
|  | $ |
|  | $ |

    B. <u>Administrative Claims</u>:

        (1) Trustee fees. Percentage fees payable to the trustee will be paid at the rate fixed by the United States Trustee, not to exceed 10%.

        (2) Attorney fees. In addition to the retainer of $ __1200.00__ already paid by the debtor, the amount of $ __2300.00__ in the plan.

4. **UNSECURED CLAIMS**

    A. <u>Claims of Unsecured Nonpriority Creditors Specially Classified</u>. Includes unsecured claims, such as co-signed unsecured debts, that will be paid in full even though all other unsecured claims may not be paid in full.

| Name of Creditor | Reason for Special Classification | Amount of Claim | Interest Rate | Total Payment |
|---|---|---|---|---|
|  |  | $ | % | $ |
|  |  | $ | % | $ |

    B. <u>Claims of General Unsecured Creditors</u>. The debtor estimates that a total of $ __3600.00__ will be available for distribution to unsecured creditors. The debtor calculates that a minimum of $ __0.00__ must be paid to unsecured creditors in order to comply with the liquidation test for confirmation and the debtor calculates that a minimum of $ __3600.00__ must be paid to unsecured, non-priority creditors in order to comply with the Means Test.

5. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES.** The following executory contracts and unexpired leases are assumed (and pre-petition arrears to be cured in the plan) or rejected (so indicate):

| Name of Creditor | Description of Collateral | Monthly Payment | Interest Rate | Pre-petition Arrears | Total Payment | Assume/ Reject |
|---|---|---|---|---|---|---|
| Ford Motor Co., LLC | 2008 Ford Escape | $ 323.00 | % | $ 323.00 | $ 7770.76 | Assume |
|  |  | $ | % | $ | $ |  |

6. **OTHER PLAN PROVISIONS:**

If the case is dismissed and/or converted to a Chapter 7 prior to confirmation, any funds held in trust by the standing Chapter 13 Trustee, Charles J. DeHart, III, shall be used to pay any unpaid balance of the attorney's fee with any remainder to be forwarded to Debtor.

7. **ORDER OF DISTRIBUTION:**

Payments from the plan will be made by the trustee in the following order:
Level 1: _____
Level 2: _____
Level 3: _____
Level 4: _____
Level 5: _____
Level 6: _____
Level 7: _____
Level 8: _____

If the above Levels are not filled-in, then the order of distribution of plan payments will be determined by the trustee using the following as a guide:
Level 1:   Adequate protection payments.
Level 2:   Debtor's attorney's fees.
Level 3:   Domestic Support Obligations.
Level 4:   Priority claims, pro rata.
Level 5:   Secured claims, pro rata.
Level 6:   Specially classified unsecured claims.
Level 7:   General unsecured claims.
Level 8:   Untimely filed unsecured claims to which the debtor has not objected.

8. **REVESTING OF PROPERTY: (Check One)**

[✓] Property of the estate will vest in the debtor upon confirmation.
[ ] Property of the estate will vest in the debtor upon closing of the case.

Rev. 04/23/08

## GENERAL PRINCIPLES APPLICABLE TO ALL PLANS

All pre-petition arrears and cramdowns shall be paid to the trustee and disbursed to creditors through the plan.

If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the trustee will treat the claim as allowed, subject to objection by the debtor. Claims filed after the bar date that are not properly served on the trustee will not be paid. The debtor is responsible for reviewing claims and filing objections, if appropriate.

Dated: 6-11-2009

_____
Attorney for Debtor

_____
Debtor

_____
Joint Debtor